IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QVC, INC. | : | CIVIL ACTION |
| v. | : | |
| HSN LP | : | NO. 05-4795 |

O'NEILL, J.                                                                                       May 11, 2006

MEMORANDUM

    Plaintiff, QVC, Inc., filed a complaint on September 7, 2005, alleging that use of the phrase "Christmas in July" by defendant, HSN LP, constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a) and unfair competition under Pennsylvania common law.  On March 9, 2006, I entered a default for the failure of defendant to appear, plead, or otherwise defend the Complaint filed by plaintiff.  After receiving the notice of default, defendant filed a motion to set aside the entry of the default for good cause.  I have before me plaintiff's complaint, plaintiff's request for entry of default, defendant's motion to set aside default, and plaintiff's response thereto.

BACKGROUND

    On November 14, 2000, HSN, a business that offers home retail services to consumers, filed an application for the registration of the mark "Christmas in July."  In 2005, HSN noticed that QVC, also a business that offers home retail services to consumers, was using the same title for a marketing technique.  HSN notified QVC that the mark was already registered by HSN and asked QVC to stop using the title "Christmas in July."  QVC replied to HSN that QVC had been using the phrase "Christmas in July" since 1987 and requested HSN to stop using the mark.

1

QVC simultaneously filed its Complaint with this Court; however, in an effort to resolve the matter, QVC did not serve HSN immediately.

After unsuccessful negotiations, QVC served the Complaint on HSN's registered agent on December 23, 2005. HSN did not filed an answer for over two months. On February 28, 2006, the Deputy Clerk informed QVC on my behalf that it could request an entry for default if HSN did not file an answer before March 8, 2006. The Deputy Clerk also stated that I could enter an order dismissing the case for lack of prosecution if QVC did not request the entry of default by March 15, 2005. QVC filed a request for entry of default on March 9, 2006. On April 3, 2006, HSN filed its motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c) claiming that its failure to answer in a timely manner should be excused for good cause.

Specifically, HSN claims that the registered agent never notified the company after service was effectuated by QVC. HSN also claims that after QVC notified HSN that a complaint had been filed it could not locate the Complaint in the Clerk's office. HSN asserts that it first discovered QVC's complaint on March 7, 2006 after QVC provided HSN with proof of service. Following this revelation, HSN claims that it was preparing an answer to QVC's complaint but received notice of the entry of default before it was able to file the answer. HSN filed its motion to set the entry of default aside twenty-four days after the entry of default.

## DISCUSSION

I may set aside the entry of default if the moving party has shown "good cause." Fed.R.Civ. Pro 55(c) (2000). "A decision to set aside the entry of default . . . is left primarily to the discretion of the district court." U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d

Cir. 1984). "[D]oubtful cases [are required to] be resolved in favor of the party moving to set aside the default judgment. . .so that the cases may be decided on their merits." Id. at 194-195. Additionally, the "standard of liberality should be applied in considering a motion to set aside a default." Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976). The Court of Appeals has explained three factors that I must consider when granting or denying a motion to set aside default: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." $55,518.05 in U.S. Currency, 728 F.2d at 195.

1.  Prejudice to the Plaintiff

To establish prejudice, the evidence must show that the of nondefaulting party's ability to pursue the claim would be hindered if the entry of default is granted. See Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123 (3d Cir. 1983). "Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceedings." Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-657 (3d Cir. 1982). QVC has not argued — nor do I find any facts to support an argument — that it would be prejudiced in any fashion if the motion to set aside the default was granted.

2.  Meritorious Defense

HSN must also demonstrate that it has a meritorious defense through the allegation of specific facts. $55,518.05 in U.S. Currency, 728 F.2d at 197. A meritorious defense is one that "if established on trial, would constitute a complete defense to the action." Id. at 195. The alleged facts "must go beyond a general denial so that the court has some basis for determining

3

whether the defendant can make out a complete defense." Rosen v. Omega Builders, Ltd., 940 F. Supp. 115,119 (E.D. Pa. 1996) citing $55,518.05 in U.S. Currency, 728 F.2d at 195.

QVC alleges that HSN's use of "Christmas in July" constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a). "Trademark infringement is established if plaintiff proves that (1) the marks are valid and legally protectable; (2) the marks are owned by plaintiff; and (3) defendant's use of the mark to identify goods or services is likely to create confusion concerning the origin of the goods or services." Ford Motor Co. v. Summit Motor Prods, Inc., 930 F.2d 227, 291 (3d Cir. 1991) (internal quotation omitted). QVC asserts an interest in an unregistered trademark. An unregistered mark is valid if it has a secondary meaning or is inherently distinctive. Id. at 292. "With respect to ownership of unregistered marks, the first party to adopt a trademark can assert ownership rights, provided it continuously uses it in commerce." Id. Finally, QVC must prove that HSN's use of the phrase "Christmas in July" is "likely to cause confusion, or to cause mistake or deceive as to the affiliation, connection, or association of such as a person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person." Id. at 1125 (a)(1)(A). Likelihood of confusion is determined by weighing the ten Lapp factors:

> (1) The degree of similarity between the owner's mark and the alleged infringing mark; (2) the strength of the owner's mark; (3) the price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase; (4) the length of time the defendant has used the mark with out evidence of actual confusion; (5) the intent of the defendant in adopting the mark; (6) the evidence of actual confusion; (7) whether the goods, though not competing, are marketed through the same channels of trade and advertised through the same media; (8) the extent to

>which the targets of the parties' sales efforts are the same; (9) the relationship of the goods in the minds of consumers because of the similarity of functions; and (10) other facts suggesting that the consuming public might expect the prior owner to manufacture a product in the defendant's market or that he is likely to expand into that market.

Interpace Corp. v. Lapp, Inc., 721 F.2d 460, 463 (3d Cir. 1983) (applying a multi-factor analysis for non-competing goods); A & H Sportswear v. Victoria's Secret Stores, 237 F.3d 212, 213 (3d Cir. 2000) (holding that the Lapp factors are instructive and should also be used for directly competing goods).   While the Lapp factors are instructive for a court's analysis, "[n]ot all factors will be relevant in all cases; further, the different factors may properly be accorded different weights depending on the particular factual setting."   A & H Sportswear, 237 F.3d at 215.

  Although counsel for HSN fails to allege specific facts regarding its meritorious defense in its motion and proposed answer, the facts of record, if established at trial, may demonstrate that HSN has a meritorious defense.  For example, in its communication with QVC, HSN asserted that the phrase "Christmas in July" has been used by both QVC and HSN since the year 2000 "without a problem."  Additionally, HSN asserted that numerous third parties have used the specific phrase and others very similar to it, such as "Christmas in April" or "Christmas in June." HSN also claims QVC did not object to HSN's filing of the application to register the trademark and did not object to HSN's use of the phrase until HSN asked QVC to stop using the phrase. HSN's allegations, if true, could weigh at least three Lapp factors in its favor — the strength of the owner's mark, the length of time that HSN has been using the mark without evidence of confusion, and evidence of actual confusion.  Although the facts HSN has alleged do not conclusively amount to an absolute defense, I hold that the facts it has alleged are sufficient for a

meritorious defense when setting aside an entry of default.

QVC also claims that HSN's use of the phrase constitutes unfair competition under Pennsylvania common law.  Unfair competition is governed by Pennsylvania law, but is guided by federal law on trademark infringement.  <u>Pennsylvania State University v. University Orthopedics, Ltd.</u>, 706 A.2d 863, 870 (Pa. Super. 1998) <u>citing</u> <u>Goebel Brewing Co. V. Esslingers, Inc.</u>, 95 A.2d 523, 525-26 (Pa. 1953).  "The gist of [unfair competition] lies in the deception practiced in 'passing off' goods of one for that of another."  <u>Pennsylvania State University</u>, 706 A.2d at 807.  HSN has claimed that it was using the phrase with no knowledge of QVC's use.  For the purpose of setting aside entry of default, I hold that HSN has alleged sufficient facts to support a meritorious defense to the unfair competition claim.

3.  Culpable Conduct

The third factor I must evaluate is whether HSN was culpable for failing to answer the Complaint in a timely fashion.  "In this context culpable conduct means actions taken willfully or in bad faith."  <u>Gross</u>, 700 F.2d at 123-124.  An entry for default may be set aside if the conduct of HSN was a mistake resulting from excusable neglect.  Fed. R. Civ. P. 60(b)(1).  I find this case to be analogous to <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 244 (3d Cir. 1951).  In <u>Tozer</u>, the Court of Appeals reversed the District Court and held that even though the defaulting party's registered agent was served correctly, its failure to answer was excusable because it had never received notice of the action due to a series of miscommunications and misunderstandings.  Id. at 244-46.

Similarly, HSN's negligence stemmed from a series of miscommunications and misunderstandings.  The Complaint was served correctly, but, like in <u>Tozer</u>, HSN claims that the

registered agent failed to inform it of the Complaint. See id. at 243-244. While there is ample evidence that shows that on several occasions HSN should have known that a complaint had been served, HSN claims that it did not know of the service or complaint until March 7, 2006. While HSN did not file an answer in a timely manner, there is no evidence that shows HSN willfully delayed answering the Complaint. HSN tried to rectify its error and filed its motion to set aside entry of default less than one month after default was entered. Quick action on the part of a defaulting party helps to show good cause for setting aside the entry of default. See Spica v. Garczynski, 78 F.R.D. 134, 135 (E.D. Pa. 1978) ("Factors to be considered in determining 'good cause' include . . . quick action in filing the motion to set aside [the entry of default].").

Accordingly, I find HSN's conduct to be excusable neglect.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QVC, INC. | : | CIVIL ACTION |
| v. | : | |
| HSN LP | : | NO. 05-4795 |

ORDER

AND NOW, this 11th day of May 2006, upon defendant's motion to set aside entry of default, and for the reasons set forth in the accompanying memorandum, it is ORDERED that the defendant's motion is GRANTED, entry of the default is set aside and the proposed answer is considered filed as of the date of this Order.

                                               s/ Thomas N. O'Neill, Jr.
                                               THOMAS N. O'NEILL, JR., J   .